Steven John Moser (SM1133)
Steven J. Moser, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
*Attorney for Plaintiff*

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 11 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Orbin Zaldivar

Plaintiffs,

-against-

JMJ Caterers, Inc. d/b/a The Metropolitan, Michael Giamalvo & Janender Narang,

Defendants.

Case No.:

CV-14 0924

**COMPLAINT**

FEUERSTEIN, J
TOMLINSON, M

Plaintiff Orbin Zaldivar, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

NATURE OF THE ACTION

1. JMJ Caterers, Inc. (JMJ) is a catering establishment located at 3 Pratt Boulevard, Glen Cove, New York operating as The Metropolitan. It is owned and operated by the Defendants Michael Giamalvo and Janender Narang. Orbin Zaldivar worked as a dishwasher and food preparer for Defendants from approximately February 2010 until December 21, 2013. By this complaint, Plaintiff seeks redress for multiple violations of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and the New York Labor Law.

2. By this Complaint, the Plaintiff asserts the following causes of action against the Defendants:

(a) A *First Cause of Action* for failure to pay overtime under the FLSA, 29 U.S.C. 201 *et seq.* and the supporting regulations;

(b) A *Second Cause of Action* for unpaid overtime under the NYLL;

(c) A *Third Cause of Action* for failure to pay the spread of hours premium as required by the NYLL and the supporting regulations applying to the hospitality industry (12 NYCRR § 146-1.6);

(d) A *Fourth Cause of Action* for unlawful retaliation in violation of the FLSA, 29 U.S.C. §215;

(e) A *Fifth Cause of Action* for unlawful retaliation in violation of NYLL § 215;

(f) A *Sixth Cause of Action* for failure to provide wage notices under Section 195.1 of the NYLL; and

(g) A *Seventh Cause of Action* for failure to provide wage statements in compliance with New York Labor Law §195, subdivision three.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in Complaint occurred within the Eastern District.

## PARTIES

7. Plaintiff Orbin Zaldivar is a natural person who resides in Nassau County, New York.

8. Defendant JMJ Caterers, Inc. is a New York Corporation with a principal place of business at 3 Pratt Blvd., Glen Cove, New York 11542.

9. Defendant JMJ Caterers, Inc. does business as "The Metropolitan."

10. Defendant JMJ prepares and offers food or beverage for human consumption.

11. Defendant Michael Giamalvo is an officer of JMJ.

12. Defendant Michael Giamalvo has been an officer of JMJ since February 1, 2010.

13. Defendant Michael Giamalvo is a shareholder of JMJ.

14. Defendant Michael Giamalvo has been a shareholder of JMJ since February 1, 2010.

15. At all relevant times, Michael Giamalvo had the power to hire and fire the Plaintiff, supervised and controlled the Plaintiff's work schedules and conditions of employment, determined the rate and method of payment to the Plaintiff, and maintained employment records of the Plaintiff.

16. At all relevant times, the Defendant Michael Giamalvo had operational control of JMJ.

17. Defendant Janender Narang is an officer of JMJ.

18. Defendant Janender Narang has been an officer of JMJ since February 1, 2010.

19. Defendant Janender Narang is a shareholder of JMJ.

20. Defendant Janender Narang has been a shareholder of JMJ since February 1, 2010.

21. At all relevant times, Janender Narang had the power to hire and fire the Plaintiff, supervised and controlled the Plaintiff's work schedules and conditions of employment, determined the rate and method of payment to the Plaintiff, and maintained employment records of the Plaintiff.

22. At all relevant times, the Defendant Janender Narang had operational control of JMJ.

## STATEMENT OF FACTS

23. The Plaintiff was employed as a dishwasher and food preparer for JMJ from approximately February 2010 until December 21, 2013.

24. From approximately February 2010 through approximately May 2011, the Plaintiff's regular rate of pay was $10 per hour.

25. From approximately February 2010 through approximately May 2011, the Plaintiff's work schedule was from 9 A.M. – 9 P.M., Tuesday through Sunday.

26. From approximately May 2011 through December 21, 2014, the Plaintiff's regular rate of pay was $12 per hour.

27. From approximately May 2011 through December 21, 2014, the Plaintiff's work schedule was from 1:00 PM – 1:00 AM, Tuesday through Sunday.

28.     In order to avoid paying the Plaintiff overtime premiums for hours worked in excess of 40 in a workweek, the Defendants have paid overtime at the regular rate of pay, rather than at the overtime rate.

29.     In order to avoid detection in the event of an audit, and to feign compliance with wage and hour laws, the Defendants have implemented a "two punch card" system. Under this system, the Plaintiff was instructed to record the first 40 work hours on one punch card. The Plaintiff was paid for his first 40 hours worked by paycheck, from which payroll taxes were deducted. The Plaintiff was instructed to record any hours worked in excess of 40 on a second punch card. The Plaintiff was paid in cash, at the regular rate, for all hours worked in excess of 40.

30.     For example, during the pay period from November 25, 2013 through December 1, 2013, according to the Plaintiff's recollection, the Plaintiff worked approximately 72 hours (Tuesday to Sunday, 1:00 pm – 1:00 am, without an uninterrupted meal period). The Plaintiff was paid for the first 40 hours by paycheck, subject to withholding, at the regular rate of pay. The approximate 32 hours of overtime were paid in cash at the regular rate of pay, rather than at the overtime rate.

31.     For example, during the pay period December 9, 2013 through December 15, 2013, according to the Plaintiff's recollection, the Plaintiff again worked approximately 72 hours (Tuesday to Sunday, 1:00 pm – 1:00 am, without an uninterrupted meal period). The Plaintiff was paid for the first 40 hours by paycheck, subject to withholding, at the regular rate of pay. The approximate 32 hours of overtime were paid in cash at the regular rate of pay, rather than at the overtime rate.

32. Defendants are aware or should have been aware that federal law required them to properly record all hours worked by the Plaintiff.

33. Defendants are aware or should have been aware that federal law required them to pay overtime premiums to the Plaintiff for hours worked in excess of 40 per workweek.

*The Plaintiff's Termination*

34. On December 21, 2013, the Plaintiff requested from the Defendant Michael Giamalvo that he be paid overtime premiums for all hours worked in excess of 40 per week.

35. In response, Mr. Giamalvo told the Plaintiff that he would not pay the overtime premium, and fired the Plaintiff.

### FIRST CAUSE OF ACTION

### Overtime Violations

### Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

36. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

38. Defendants' employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and Defendant has at least $500,000 of annual gross volume of sales made.

39. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

40. The Defendants employed the Plaintiff as employers.

41. Defendants failed to pay Plaintiff overtime wages to which he is entitled under the FLSA.

42. Defendants failed to keep accurate records of time worked by Plaintiff.

43. Defendants' violations of the FLSA have been willful, in that they knew or should have known that their actions, as described herein, violated the FLSA.

44. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

45. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, and liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

### Overtime Violations

### New York Labor Law Article 19, §§ 650 et seq., and the supporting

### New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142

46. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47. At all times relevant the Plaintiff was an employee within the meaning of the NYLL.

48. At all times relevant, the Defendants have been joint employers of the Plaintiff within the meaning of the NYLL.

49. The Plaintiff is covered by the NYLL.

50. Defendants failed to pay the Plaintiff overtime wages to which he is entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

51. Defendants failed to keep, make, preserve, and maintain accurate records of time worked by Plaintiff.

52. Defendants' violations of the NYLL have been willful in that they have been part of a scheme to evade the overtime provisions of the NYLL.

53. Due to Defendants' violations of the NYLL, the Plaintiff is entitled to recover from Defendants his unpaid overtime wages and liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION

**Spread of Hours Premium**

**12 N.Y.C.R.R. §137**

54. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55. The Defendant JMJ is subject to the Minimum Wage Order for the Restaurant Industry found in Part 137 of the NYCRR.

56. Defendants have willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which his spread of hours exceeded ten (10).

57. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

58. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

### FOURTH CAUSE OF ACTION

### Wage Theft Prevention Act Wage Notice Violations

### New York Labor Law §§ 195 & 198

59. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

60. New York Labor Law §195(1)(a), requires an employer to furnish to each employee "a notice containing the following information: the rate or rates of pay and basis thereof…in writing in English and in the language identified by each employee as the primary language of such employee."

61. The Defendants failed to provide the notice required by New York Labor Law § 195(1)(a) to Plaintiff.

62. Due to Defendants' violations of NYLL §195(1)(a), the Plaintiff is entitled to recover from Defendant damages of Fifty Dollars ($50.00) for each work week that the violation occurred or continue to occur, up to two thousand five hundred dollars ($2,500.00), together with costs and reasonable attorney's fees. NYLL §198(1)(b).

63. Defendants have willfully failed to pay Plaintiff additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which he worked a spread of hours of more than ten (10) hours.

64. By Defendants' failure to pay Plaintiffs and the FLSA Collective spread-of-hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10.

65. Due to Defendants' willful violations of the NYLL, Plaintiffs and the FLSA Collective are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and liquidated damages.

## FIFTH CAUSE OF ACTION

### Wage Theft Prevention Act <u>Wage Statement</u> Violations

### New York Labor Law §§ 195 & 198

66. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth herein.

67. New York Labor Law §195, subdivision three, requires an employer to furnish to each employee "a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular

hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

68. The Defendants failed to provide an adequate statement as required by New York Labor Law § 195(3), in that the wage statements, inter alia failed to provide wage statements that included the value of cash wages paid to Plaintiff.

69. Due to Defendants' violations of the NYLL §195(3), Plaintiff is entitled to recover from Defendants damages of One Hundred Dollars ($100.00) for each work week that the violation occurred or continue to occur, up to two thousand five hundred dollars ($2,500.00) together with costs and reasonable attorney's fees. NYLL §198(1)(d).

## SIXTH CAUSE OF ACTION

### Retaliation against Michael Giamalvo

### 29 U.S.C. 215(a)(3)

70. Plaintiff repeats and realleges each and every allegation previously set forth herein.

71. Defendant Michael Giamalvo terminated the Plaintiff.

72. The termination constituted a retaliatory action in violation of 29 U.S.C. §215(a)(3).

73. The FLSA, 29 U.S.C. 216(b) provides that an employee who has been retaliated against in violation of 29 U.S.C. 215(a)(3) shall be entitled to "legal or equitable relief as may be appropriate to effectuate the purposes" of that section, including, but not limited to reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## SEVENTH CAUSE OF ACTION

### Retaliation

### NYLL §215(1)(a)

74. Plaintiff repeats and realleges each and every allegation previously set forth herein.

75. Defendant terminated the Plaintiff.

76. The termination constituted a retaliatory action in violation of NYLL §215(1)(a).

77. The New York Labor Law §215(1)(a) prohibits retaliation or discrimination against any employee "(i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, that the employer has violated any provision of this chapter, or (ii) because such employee has caused to be instituted a proceeding under or related to this chapter, or (iii) because such employee has provided information to the commissioner or his or her authorized representative, or (iv) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (v) because such employee has otherwise exercised rights protected under this chapter."

78. The New York Labor Law §215 authorizes courts to restrain violations and "to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees."

### CLAIM FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    a. Unpaid overtime wages;

    b. An additional and equal amount as liquidated damages under the FLSA;

c. Unpaid spread-of-hours pay under state law;

d. Liquidated damages for the Defendants' violations of the notice provisions of the New York Wage Theft Prevention act;

e. Liquidated damages for the Defendants' violations of the wage statement provisions of the New York Wage Theft Prevention act;

f. A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

g. Appropriate equitable and injunctive relief to remedy Defendant' violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

h. An award of liquidated damages under state law;

i. On the Plaintiff's retaliation claims, back pay and front pay;

j. On the Plaintiff's retaliation claims, liquidated damages under federal and state law;

k. Pre-Judgment and Post-Judgment interest, as provided by law;

l. Attorneys' fees and costs of suit, including expert fees; and

m. Such other injunctive and equitable relief as the Court may deem just and proper.

Dated: Glen Cove, New York
February 5, 2014

Respectfully Submitted,
STEVEN J. MOSER, P.C.

Steven John Moser
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com