**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
ORBIN ZALDIVAR, individually and on
behalf of all others similarly situated,

                            Plaintiff,

                                                           **ORDER**

            - against -

                                                   CV 14-924 (SJF) (AKT)

JMJ CATERERS, INC. d/b/a
THE METROPOLITAN, MICHAEL
GIAMALVO, and JANENDER NARANG,

                            Defendants.
---------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       On February 26, 2016, the Court issued a Memorandum and Order granting Plaintiff's motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). *See* DE 44. Plaintiff filed a proposed Notice of Pendency and Consent to Join form with his motion. *See* DE 29-1. In its February 26, 2016 Order, the Court directed Defendants to file any objections to the proposed Notice by March 4, 2016 or else their opportunity to object would be "deemed waived." DE 44 at 26. Defendants have not filed any objections.

             **A.**       **Plaintiff's Proposed Notice of Pendency and Consent to Join Form**

       "[T]he district court has discretion regarding the form and content of the notice." *In re Penthouse Exec. Club Comp. Litig.*, No. 10-CV-1145, 2010 WL 4340255, at *4-*5 (S.D.N.Y. Oct. 26, 2010); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) ("[T]he Supreme Court has noted that the "details" of notice should be left to the broad discretion of the trial court.") (citing *Hoffmann–La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). Having

received no objections from Defendants, the Court hereby approves Plaintiffs' proposed Notice and Consent to Join form, subject to the following modifications.

First, Plaintiff must change the description of the opt-in class on the first page of the Notice to more adequately conform with the class designated by the Court in its February 26, 2016 Memorandum and Order. Specifically, the class description should read as follows: "TO: ALL SERVERS, BUSBOYS AND KITCHEN WORKERS EMPLOYED BY THE METROPOLITAN AT ANY TIME FROM DECEMBER 28, 2012 UNTIL THE PRESENT."

Second, the revised Notice should change the phrase "THIS IS A NOTICE AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK" to "THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, HONORABLE A. KATHLEEN TOMLINSON, UNITED STATES MAGISTRATE JUDGE. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES." *See Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117, at *18-*19 (E.D.N.Y. 2015) (requiring this language and collecting cases which required this language); *Velasquez v. Digital Page, Inc.*, No. 11-CV-3892, 2014 WL 2048425, at *14 (E.D.N.Y. May 19, 2014) (same); *Alvarez v. IBM Restaurants Inc.*, 839 F. Supp. 2d 580, 588 (E.D.N.Y. 2012).

Third, the proposed Notice and Consent to Join form direct opt-in plaintiffs to return their Consent forms to Plaintiff's counsel. *See* DE 29-1. However, "[t]he common practice in the Eastern District is to have opt-in plaintiffs send their consent forms to the Clerk of the Court rather than to plaintiff['s] counsel." *Velasquez*, 2014 WL 2048425, at *14 (collecting cases);

*see, e.g.*, *Fa Ting Wang*, 2015 WL 4603117, at *19 (collecting cases and noting that "sending the Consent to Join form to the Clerk of Court avoids the risk of delaying a tolling of the statute of limitations relating to an individual opt-in plaintiff's claims as a result of the turnaround time occasioned between receipt of a consent form by Plaintiff's counsel and the need to file the form with the Court" and this practice is therefore "in the best interest of any opt-in plaintiff"). Accordingly, the Court finds that the appropriate course of action here is to have the Consent forms returned to the Clerk of the Court. Plaintiff's counsel is directed to update the Notice and Consent to Join form according to this directive.

Finally, a notice of pendency should include "a neutral and non-technical reference to discovery obligations" so that such plaintiffs "understand that their participation would entail greater obligations than participation in some Rule 23 class actions." *Lujan v. Cabana Management, Inc.*, No. 10–CV–755, 2011 WL 317984, at *11 (E.D.N.Y. Feb. 1, 2011); *see, e.g.*, *Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623, 2014 WL 1338315, at *10 (E.D.N.Y. Apr. 2, 2014). Accordingly, the Court is directing Plaintiff to modify the Notice to include the following language under the heading "Effect of Joining or Not Joining this Lawsuit": "If you join this lawsuit, you may be asked to give testimony and information about your work for the Metropolitan to help the Court decide whether you are owed any money." *See Velasquez*, 2014 WL 2048425, at *12 (collecting cases which have required nearly identical language in the notice of pendency).

**B.     Opt-In Period**

Plaintiff has requested that the Court set an opt-in period of 60 days from the date of the mailing of the Notice to potential plaintiffs. *See* DE 29 at 1. "[A] 60–day notice period for potential plaintiffs is common practice under the FLSA." *Cohan v. Columbia Sussex Mgmt.*,

LLC, No. 12- CV-3203, 2013 WL 8367807, at *12 (E.D.N.Y. Sept. 19, 2013) (collecting cases); *see, e.g.*, *Fa Ting Wang*, 2015 WL 4603117, at *11 ("Courts in this Circuit 'routinely restrict the opt-in period to sixty days.'") (quoting *Velasquez*, 2014 WL 2048425, at *12) (collecting cases); *Whitehorn v. Wolfgang's Steakhouse, Inc*., 767 F. Supp. 2d 445, 451-52 (S.D.N.Y. 2011). The Notice shall therefore reflect that opt-ins have 60 days to return the Consent to Join form to the Clerk of the Court.

### C. Posting of the Notice and Consent to Join Forms

Finally, Plaintiff requests that the Court direct Defendants "to [p]ost the Notice, along with the consent forms in English and Spanish next to each Time Clock" used by the potential opt-in plaintiffs during the 60-day opt-in period. DE 29 at 2. Defendants have not opposed this request.

Courts regularly approve plaintiffs' requests to post notices and consent forms in non-public areas where potential collective members are likely to congregate, such as clock-in stations. *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 564 (S.D.N.Y. 2013) (collecting cases and permitting the posting of notice in non-public areas of the defendant's six locations, "such as in a break room or near the clock-in station"); *see, e.g.*, *Fa Ting Wang*, 2015 WL 4603117, at *17 (recommending the defendants "be ordered to post, in a reasonable location at each of Defendants' worksites for drivers, one copy of the Notice of Pendency and Consent to Join form in English, Chinese, Korean and Spanish"); *Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794 2013 WL 3199292, at *5 (S.D.N.Y. June 25, 2013) (collecting cases). Plaintiff's request in this regard is therefore granted.

For the all of the foregoing reasons, Plaintiff's Notice and Consent to Join form are approved, subject to the modifications set forth in this Order. The Court further orders that:

1. Within 30 days after the entry of this Order, the Plaintiff or his designated representative shall cause a copy of the Notice of Pendency and Consent to Join form to be mailed by first-class to all of the potential opt-in plaintiffs; and

2. Within 30 days after the entry of this Order, Defendants shall post a copy of the Notice of Pendency and Consent to Join form in English and Spanish next to each time clock at the Metropolitan.

**SO ORDERED.**

Dated: Central Islip, New York
March 15, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge