IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 08 2017   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Orbin Zaldivar,

                      Plaintiff,

-against-

JMJ Caterers, Inc. d/b/a The Metropolitan, Michael Giamalvo, Janender Narang, AAFF, Inc. d/b/a The Metropolitan and Frank J. Sciame, Jr.

                      Defendants.

Case No.: 14.-cv-00924

STIPULATION OF SETTLEMENT AND [PROPOSED] FINDING OF FAIRNESS AND ORDER OF DISMISSAL IN AN FLSA CASE



    WHEREAS plaintiff Orbin Zaldivar filed a complaint against JMJ Caterers, Inc., d/b/a The Metropolitan, Michael Giamalvo and Janender Narang (the Settling Defendants) on February 11, 2014 (ECF No. 1), alleging, inter alia, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*, and

    WHEREAS the Plaintiff filed an amended complaint on May 5, 2014 (ECF No. 8) naming as additional defendants AAFF, Inc. and Frank J. Sciame, Jr. (the AAFF Defendants).

    WHERAS on December 30, 2014 Sandra J. Feuerstein, USDJ, dismissed all claims against the AAFF Defendants with prejudice (ECF No. 23).

    WHERAS the Settling Defendants and the Plaintiff (together the "Settling Parties") are interested in resolving the issues alleged in the complaint in this action, and have negotiated in good faith for that purpose; and

    WHEREAS the Settling Parties are Represented by counsel knowledgeable in the FLSA and the New York Labor law;

    IT IS HEREBY STIPULATED AND AGREED by and between the Settling Parties and their respective counsel as follows:

1. The Settling Parties hereby agree that the above-captioned action is dismissed and discontinued with prejudice, as to the Settling Defendants;

2. Any and all of the claims for damages by plaintiff which are the subject of this action or otherwise arise out of any of the incidents alleged in the Complaint are hereby settled, as against the named defendant(s), for the sum of $22,000 (the Settlement Amount), of which $11,000 shall be paid to the plaintiff, and $11,000 shall be paid to Moser Employment Law Firm, PC for attorneys' fees and costs, in full satisfaction of all claims for damages, costs, disbursements and legal fees.

3. In consideration of the payment of the sum stated in Paragraph #2, above, the plaintiff hereby releases each of the Settling Defendants in their individual and official capacities, and their heirs, executors, administrators and assigns, from any and all claims, liabilities and causes of action related to or arising out of any and all of the events set forth in the Complaint in the above-captioned action.

4. Nothing in this So Ordered Stipulation of Settlement shall be construed as an admission or concession of liability whatsoever by any of the defendants regarding any of the allegations made by the plaintiff in the Complaint.

5. The Settlement Amount stated in paragraph #2 shall be paid as follows: $11,000 shall be paid within 10 days following the Court's approval of this stipulation and dismissal the case with prejudice, and the remaining $11,000 shall be paid on the later of 10 days following the Court's approval of this stipulation and dismissal the case with prejudice or on February 15, 2017.

6. This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or

proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement.

7. This So Ordered Stipulation of Settlement embodies the entire agreement of the parties in this matter.

8. The Settling Parties believe that the settlement is fair and reasonable and should be approved by the Court pursuant to the 2nd Circuit's direction in <u>Cheeks v. Freeport Pancake House</u>, 796 F.3d 199 (2015), for the following reasons:

   a. Amount of the settlement.
      i. The Settlement Calls for the Payment of $22,000 to the plaintiff, $11,000 of which is allocated to attorneys' fees and costs, and the balance of which will be paid to the Plaintiff ($11,000.00);
      ii. The Settling Defendants have disputed the material fact that the plaintiff worked uncompensated overtime hours;
      iii. The Settling Defendants are in possession of time cards and payroll records which they contend are accurate, and show that the plaintiff was paid all overtime wages to which he is entitled under the FLSA and the NYLL.
      iv. The Plaintiff contends that the Settling Defendants implemented a two-time-card system, and that the time cards produced by the Defendants in this litigation only recorded the hours worked up to 40 hours per week. Plaintiff contends that the "second time cards" which were used to record overtime hours, were not produced.

        However, the Plaintiff is not in possession of any photocopies or photographs of these "second time cards."

    v. The Plaintiffs entire case rises and falls on the credibility of his assertion that additional time cards exist which were not produced. If the time cards produced are believed to be accurate and correct, the Plaintiff gets nothing.

    vi. If the Plaintiff succeeds in convincing the fact finder that he was not paid for overtime hours at the overtime rate, his claim is for half-time for all hours in excess of 40 per week.. The total maximum amount of unpaid overtime wages to which he would be entitled for the two year period preceding the filing of the complaint (29 USC § 255) is approximately $15,360.00 (80 weeks *x* 32 hours *x* $6/hr).

    vii. The Plaintiff, although believing he will prevail at the time of trial, believes that the amount to be paid under the terms of the settlement represent fair and adequate consideration in light of the risks of litigation, including the risk that he may recover less than the amount offered at the time of trial.

    viii. The amount which the Plaintiff will receive represents a fair compromise of the claims asserted in the lawsuit.

b. **Confidentiality.** There are no prohibited confidentiality provisions.

c. **Attorneys' fees.** The retainer between the Plaintiff and Plaintiffs' counsel provides for payment of attorney's fees on an hourly basis, or 1/3 of the

gross settlement amount, whichever is greater. Plaintiff's counsel has submitted detailed billing records, under seal, showing that the total amount of fees and costs incurred to date are __26,648__, far in excess of the amount charged. The total amount of attorney's fees has been reduced in order to fairly compensate both the Plaintiff and Plaintiff's counsel.

  d. Nature of Release. The settlement does not call for the execution of an overly broad release of all claims.

WHEREAS, the Settling Parties in the above-captioned action wish to discontinue the litigation;

IT IS HEREBY STIPULATED AND AGREED by and between the Settling Parties that the case is hereby dismissed and discontinued with prejudice as against all named defendants subject to the terms of this stipulation.

Dated: January 24, 2017

*Plaintiff*

_____
Orbin Zaldivar

*Defendants*

JMJ CATERERS, INC.

_____
By:

_____
JANENDER NARANG, individually

_____
MICHAEL GIAMALVO, individually

| | |
|---|---|
| MOSER EMPLOYMENT LAW FIRM, PC<br>*Attorneys for Plaintiff*<br><br>*/s/ Steven John Moser*<br>By: Steven John Moser<br>3 School Street, Suite 207 B<br>Glen Cove, New York 11542<br>(516) 671-1150<br>Fax: (516) 882-5420<br>smoser@moseremploymentlaw.com | ALAN M. DAVIS, ESQ.<br>*Attorney for Settling Defendants*<br><br>*/s/ M. Davis*<br>By: Alan M. Davis<br>121-B West Oak Street<br>Amityville, NY 11701<br>(631)598-0500<br>Fax: (631)598-0506<br>nyfllaw1@gmail.Com |

The Court finds that the settlement is fair and reasonable. The Clerk of the court is directed to close the case.

**SO ORDERED:**

_____
JOSEPH F. BIANCO, USDJ

litigation;

    IT IS HEREBY STIPULATED AND AGREED by and between the Settling Parties that the case is hereby dismissed and discontinued with prejudice as against all named defendants subject to the terms of this stipulation.

Dated: January 24, 2017

*Plaintiff*

Orbin Zaldivar

*Defendants*

JMJ CATERERS, INC.

By: _____ Michael Giamalvo, President

JANENDER NARANG, individually

MICHAEL GIAMALVO, individually

MOSER EMPLOYMENT LAW FIRM, PC
*Attorneys for Plaintiff*

By: Steven John Moser
3 School Street, Suite 207 B
Glen Cove, New York 11542
(516) 671-1150
Fax: (516) 882-5420
smoser@moseremploymentlaw.com

ALAN M. DAVIS, ESQ.
*Attorney for Settling Defendants*

By: Alan M. Davis
121-B West Oak Street
Amityville, NY 11701
(631) 598-0500
Fax: (631) 598-0506
nyfllaw1@gmail.Com

The Court finds that the settlement is fair and reasonable. The Clerk of the court is directed to close the case.

SO ORDERED:  2/8/17

JOSEPH F. BIANCO, USDJ